**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 09-CV-20082** |
| | ) | |
| **DOUGLAS SPENSLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

On November 3, 2009, Defendant, Douglas Spensley, was indicted by a federal grand jury on one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and one count alleging forfeiture pursuant to 18 U.S.C. § 2253.  The case is scheduled for a jury trial on January 31, 2011.  On December 31, 2010, Defendant filed his First Motion In Limine (#15) and the government filed its Response (#20) on January 14, 2011.  For the following reasons, Defendant's First Motion in Limine (#15) is DENIED.

### ANALYSIS

Referring to the Images at Issue as "Child Pornography"

Defendant first objects to the designation of the images involved in the case as "child pornography" and seeks to prevent the government from referring to the images as such during the trial.  Defendant argues that one issue in the case is whether the images in question meet the federal definition of child pornography and that to refer to them as child pornography is "argumentative and

-1-

subverts Douglas Spensley's presumption of innocence." Defendant claims characterization of the images as child pornography throughout the trial would dilute the government's burden of proof and violate his rights under the due process clause to presumption of innocence and his right under the Sixth Amendment to a jury determination of the facts.

The government responds that the term child pornography is defined by statute and that it is the government's position, which was supported by the grand jury indictment, that the images are child pornography. The government offers to describe the images depicting sexually explicit conduct as "suspected child pornography" and to let the witnesses simply describe the images as to what they are depicting.

The court agrees with the government. "Child pornography" is a statutorily defined term and the grand jury has indicted Defendant on the crime of production and possession of child pornography. To not allow the government to refer to the images as child pornography would be unnecessarily cumbersome. Further, Defendant has cited no case law or statute that supports barring the government from using the phrase "child pornography" to describe the images in a child pornography case. Therefore, the court adopts the position of the government and will allow the images that depict sexually explicit conduct to be referred to as "suspected child pornography."

Referring to R.K. as a "Victim"

Defendant next argues that "[n]o one is a victim until the court or a jury makes a finding of proof beyond a reasonable doubt on the charged offenses." Defendant believes that the victim characterization is argumentative and subverts Defendant's "presumption of innocence and minimizes or dilutes the government's burden of proof beyond a reasonable doubt."

The government responds that crime victims are accorded certain rights under the Crime

Victims' Rights Act (CVRA) throughout the pendency of the case and before any finding of guilt. 18 U.S.C. § 3771. A crime victim is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). The government specifically points to the crime victim's right to be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The government intends to refer to R.K. by her name or initials throughout the proceedings, but argues that the term victim applies to her and her family. Further, that the agents and officers involved have been trained to protect her privacy by referring to her as a victim.

The court agrees with and adopts the position of the government. The jury will not be unfairly inflamed or prejudiced against Defendant if R.K. is referred to as a victim. Again, Defendant has cited no case law or statute to support barring the government from referring to R.K. as a victim. The court is confident that the jury will be able to fairly judge the case and will follow the court's instructions to it on (1) the government's burden proof and (2) the Defendant's presumption of innocence. Therefore, the court will allow the government to refer to R.K. as a victim.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion in Limine (#15) is DENIED in its entirety.

(2) The government may refer to the digital images in question that depict sexually explicit content as "suspected child pornography."

(3) The government may refer to R.K. as a "victim."

(4) This case remains set for a final pretrial conference on Friday, January 21, 2011, at

10:30 am in Courtroom A.  Jury trial is scheduled to begin on Monday, January 31, 2011, in

Courtroom A at 9:00 am.

ENTERED this 19th day of January, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE